STATE OF MARYLAND, use of CHARLES RANSTEAD *vs.*
ANDREW D. BANKS, Ex'r of DANIEL B. BANKS,
deceased, and ANDREW D. BANKS.

*Suit on Injunction Bond—Misjoinder—Authority of an At-
torney in fact under a power of Attorney to bind his Princi-
pal by signing his name to an Injunction Bond—The sur-
viving obligor and the Executor of a deceased obligor in
an Injunction bond to be sued separately—Practice in the
Court of Appeals.*

Upon application made in the name of D. B. B., an injunction was issued to
restrain C. R. from certain acts of alleged trespass to the property of the
former. An injunction bond was given, to which the name of D. B. B. was
signed as principal by A. D. B. as his attorney in fact, who also signed his
own name to the bond as surety. The power of attorney by virtue of which
the bond was signed, after enumerating the powers to sue for, collect and
receive all moneys due the principal, and to give discharges therefor, to
draw and accept drafts and bills of exchange, to sell and transfer stock, to
receive all dividends that may become due thereon, contains these words:
*" and in all other lawful respects to act as my general agent and attorney in such
matters, as are not hereinbefore particularly recited,* including therein espe-
cially full power and authority in my name, and as my said attorney, to
execute, acknowledge and deliver all deeds, conveyances and leases of any
or all of my real or leasehold estate," &c. ❋ ❋ ❋ ❋ "giving and hereby
granting unto my said attorney, full power and authority in and about the
premises, and to use all due means, course and process in the law, for the
full, effectual and complete execution of the business aforedescribed,"
❋ ❋ ❋ ❋ ❋ ❋ "and for the premises to appear, and the person of me
the constituent to represent before any Governor, Judges, Justices, officers
and ministers of law whatsoever, in any Court or Courts of judication, and
there in my behalf to answer, defend and reply unto all actions, causes,
matters and things whatsoever, relating to the premises," ❋ ❋ ❋ ❋ ❋
"and generally to say, do, act, transact, determine, accomplish and finish all
matters and things whatsoever relating to the premises, as fully, amply and
effectually to all intents and purposes, as I, the constituent, if present,

33            v. 48.

could or might do personally, although the matter should require more special authority than is herein comprised." ＊ ＊ ＊ ＊ ＊ In an action on the injunction bond brought against the surviving obligor as such, and as the executor of the other obligor, it was HELD:

1st. That considering the terms of the power of attorney and the purposes which the agent was appointed to accomplish, which is the guiding principle in construing instruments of this kind, it was clearly within the power of the agent to institute the suit and to execute the bond for the purposes mentioned, and consequently the bond was valid and binding upon D. B. B. in the same manner as if it had been executed by him in person.

2nd. That as it was binding upon the principal there could be no doubt or question of the obligation of A. D. B. as the surety thereon.

3rd. That it was error to join the surviving obligor and the executor of the deceased obligor in the same action.

4th. That in such case separate suits only could be maintained, for the reason that they were liable in different rights, and the judgments, if recovered, would not be the same; one being *de bonis propriis*, and the other *de bonis testatoris;* and this rule applies in the same way where the same person is executor and surviving obligor.

In this case while the ruling of the Court against the validity of the injunction bond was reversed, yet because of the misjoinder of the defendant the judgment of the Court below in favor of the defendant was affirmed withtout prejudice to the right of the plaintiff to bring new suits upon the bond.

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of the Court.

The jury rendered a verdict for the defendant, and judgment was entered accordingly. The plaintiff appealed.

The cause was argued before BARTOL, C. J., STEWART, MILLER, ALVEY and ROBINSON, J.

*J. Alexander Preston,* for the appellant.

The letter of attorney conferred on Andrew D. Banks the power to execute a bond on behalf of his father in such a case. The guiding principle in the construction of powers

in such cases, is to be derived from a consideration of the purpose which the agent is appointed to accomplish, and powers are to be liberally and equitably construed according to the intention of the party granting them.

In the present case, the power of attorney granted to Andrew D. Banks the power to sue and represent the said Daniel B. Banks in any Court, in any matter relating to the property of said Daniel B. Banks. *Pearce vs. Van Lear*, 5 *Md.,* 85 ; *Davidson vs. Dallas,* 8 *California,* 251 ; *Mayor & City Council vs. Reynolds,* 20 *Md.,* 1 ; *Story on Agency, section* 58 ; *Giles vs. Ebsworth & Hays,* 10 *Md.,* 333 ; *Lucas vs. Lottery Commissioners,* 11 *G. & J.,* 490 ; *Mayor & City Council vs. Moore,* 6 *H. & J.,* 381 ; *Mayor, &c. vs. Howard,* 6 *H. & J.,* 389.

The defendant is estopped from denying the power to sign the bond. There was a ratification of the act of Andrew D. Banks ; and Daniel B. Banks having reaped the benefits of the acts of his attorney, will not be permitted to deny the power of his attorney. The affidavit to the bill for the injunction, alleges that Andrew D. Banks was the attorney in fact of Daniel B. Banks, and he makes the oath to the allegations contained in the bill as the attorney in fact of Daniel B. Banks. *Billingslea vs. State,* 14 *Md.,* 369 ; *Fridge vs. State,* 3 *G. & J.,* 103 ; *Chew vs. Bank of Balto.,* 14 *Md.,* 299.

Daniel B. Banks in prosecuting his suit and recognizing the right of Andrew D. Banks to sign for him, ratified and adopted his act. *Newson vs. Douglass,* 7 *H. & J.,* 417.

*Charles Poe* and *Bernard Carter,* for the appellee.

The power of attorney in this case was never intended to confer any such extraordinary powers as contended for by the appellant. In construing powers of this character the most guiding principle is to be derived from a consideration of the purpose which the agent is appointed to

accomplish.  *Mayor & C. C. vs. Reynolds*, 20 *Md.*, 10; *Adams Express Co. vs. Trego*, 35 *Md.*, 47–67.

Following this principle and bearing in mind the fact that " every *express* agency is *special* according to the legal signification of that word, and that the only reasonable distinction is between express or implied," and not between *general* and special agencies, the appellees contend that there is no such power as that to sign an injunction bond conferred upon Andrew D. Banks by the power of attorney mentioned.

A brief review of its provisions will make this perfectly manifest.  In the first clause, the power of attorney authorizes Andrew D. Banks " to ask, demand, sue for, recover and receive all sums of money which may be due or may become due to me from all persons and corporations whatever, and to give discharges therefor; to draw and accept drafts or bills of exchange in my name; to draw and sign all checks, which, in his judgment, may be necessary for the transaction of my business, upon any bank or bankers with whom I may have funds or credits, and to endorse all checks drawn to my order; to sell, transfer and assign all stocks which may be standing in my name; to receive all dividends now due, or which may become due upon all stocks or securities held by me, and the interest upon my bonds, notes or other evidences of debt held by me, and to grant receipts therefor in my name."  It will hardly be contended that this clause confers power upon Andrew D. Banks to sign the name of Daniel B. Banks to an injunction bond.  But here follow words which authorize Andrew D. Banks to do almost anything Daniel B. Banks himself might have done; namely, " and in all other respects to act as my general agent and attorney in such matters as are not hereinbefore recited."

The force of such expressions in instruments of this character has been often passed upon by the Courts, and they have, without a single exception, been held to con-

fer no additional powers upon the attorney than those already specifically granted, and powers which are indispensable to the execution of the granted powers. *Reynold's Case*, 20 *Md.*, 10 ; *Adams Express Co. vs. Trego.*, 35 *Md.*, 47–67 ; *Atwood vs. Munnings*, 7 *B. & C.*, 561; *Rossiter vs. Rossiter*, 8 *Wend.*, 494 ; *Hodge vs. Combs*, 1 *Black*, 192 ; *Lawrence vs. Gebhard*, 41 *Barb.*, 575 ; *Hogg vs. Smith*, 1 *Taunt.*, 347 ; *Woods vs. McCain*, 7 *Ala.*, 800 ; *Scarborough's Case*, 12 *Ala.*, 252 ; *Story on Agency*, 21, 66–72.

Upon an examination of these powers which follow as well as those which precede these general words, we find no grant of such an extraordinary power as the one contended for ; nor do we find that the exercise of such a power was either indispensable or even necessary to the execution of those powers expressly delegated. When we come to an analysis of the latter portion of the letter of attorney, we find that it carefully authorizes the agent to *answer, defend* and *reply* to all *actions*, &c., &c., relating to the *premises*, studiously withholding from the attorney all power to institute proceedings, and limiting him exclusively to their defence. It will also be perceived that the apparently more general language in the concluding paragraph is that usually contained in papers of this character, and confers no additional powers, each clause being carefully limited so as to operate "in the premises ;"—that is, the things already mentioned.

Whether taken in its entirety or carefully examined clause by clause, Andrew D. Banks was not authorized by this power of attorney to execute on behalf of Daniel B. Banks, the bond sued on, and no such power was granted or intended to be granted. This being so, the bond sued on was never the bond of Daniel B. Banks, the principal obligor; and therefore, was not admissible in evidence, even as against the surety. *Wanamaker vs. Bowes*, 36 *Md.*, 42 ; 2 *Story on Con.*, sec. 866 ; *Hurlstone on Bonds*, (9 *Law Library*,) 52.

The bond sued on, being thus *null* and *void*, and of no binding force, and having been rightfully excluded, the proceedings in the equity and law suit between the parties offered in the second bill of exceptions, were immaterial, and were, therefore, properly excluded ; and, as no action can be maintained on the bond, the exclusion of said proceedings did no damage to the plaintiff.

BARTOL, C. J., delivered the opinion of the Court.

This suit was brought by the appellant against the appellees upon an injunction bond.

It appears that on the 7th day of September 1874, an application was made to the Circuit Court of Baltimore City, in the name of Daniel B. Banks, for an injunction to restrain the appellant, Ranstead, from the continuance of certain acts of alleged trespass, &c. to the property of the complainant, D. B. Banks. The injunction was issued, but upon final hearing was dissolved. The order granting the injunction required Daniel B. Banks to execute an injunction bond in the penalty of *five thousand dollars*, and this bond is the cause of action in the present suit.

The bond was not signed by Daniel B. Banks, but was executed in his name by Andrew D. Banks *"as his attorney in fact"* and by Andrew as surety.

At the trial below the appellant offered the bond in evidence, and also offered in evidence a power of attorney from Daniel B. to Andrew D. Banks, dated April 4th, 1873.

The appellees objected, the Court sustained the objection and refused to admit the bond in evidence ; this ruling forms the subject of appellant's *first* bill of exceptions.

The *second bill* of exceptions was taken to the exclusion by the Court of the proceedings in the equity, and law suits between the parties, offered in evidence by the appellant.

The main question presented by the appeal arises upon the construction of the power of attorney. This instru-

ment is very broad and comprehensive, conferring almost unlimited powers upon the attorney to act for and in the name of the principal in all matters relating to the management, and disposition of his business and property. After enumerating the powers to sue for, collect and receive all moneys due the principal, and to give discharges therefor, to draw and accept drafts and bills of exchange, to sell and transfer stock, to receive all dividends that may become due thereon; the instrument contains these words *" and in all other lawful respects to act as my general agent and attorney in such matters, as are not hereinbefore particularly recited* including therein especially full power and authority in my name and as my said attorney to execute, acknowledge and deliver all deeds, conveyances and leases of any or all of my real or leasehold estates,*"* &c.   *     *
*     *     *" giving and hereby granting unto my said attorney, full power and authority in and about the premises and to use all due means, course and process in the law for the full, effectual and complete execution of the business aforedescribed,     *     *     *     *     and for the premises to appear and the person of me the constituent to represent before any Governor, Judges, Justices, officers and ministers of the law whatsoever, in any Court or Courts of judication, and there in my behalf to answer, defend and reply unto all actions, causes, matters and things whatsoever relating to the premises,     *     *     *     *     and generally to say, do, act, transact, determine, accomplish and finish all matters and things whatsoever relating to the premises, as fully, amply and effectually to all intents and purposes as I, the said constituent, if present, could or might do personally, although the matter should require more special authority than is herein comprised.*"*
*     *     *     *     *     *     *     *

The question here presented is whether this instrument conferred upon the attorney the power to sue out the writ of injunction, and to bind the principal by the execution of the injunction bond in his name.

State, use of Ranstead *vs.* Banks.

The object of the writ of injunction was to restrain certain alleged trespasses upon the property of the principal and to save it from irreparable damage. Now the manifest object and purpose of the power of attorney was to place the property of the principal, in the control and management of the agent, and to confer on him the power to adopt, in his discretion, all lawful means necessary for its security and protection. Considering the terms of the instrument and the purposes which the agent was appointed to accomplish, which it has been said "is the guiding principle in construing instruments of this kind," we have no hesitation in saying that it was clearly within the power of the agent to institute the suit and to execute the bond for the purposes mentioned; and consequently the bond was valid and binding upon Daniel B. Banks in the same manner as if it had been executed by him in person.

As the bond was binding upon the principal there can be no doubt or question of the obligation of Andrew D. Banks the surety thereon.

It is unnecessary therefore to consider the question of estoppel as affecting the liability of Andrew D. Banks.

The suit however in its present form cannot be maintained. It was error to join the surviving obligor, and the executor of the deceased obligor in the same action. In such case, separate suits only can be maintained, for the reason that they are liable in different rights, and the judgments if recovered will not be the same; one being *de bonis propriis* and the other *de bonis testatoris;* and this rule applies in the same way where the person is executor and surviving obligor.

The judgment will therefore be affirmed, but without prejudice to the right of the appellant to bring other suits upon the bond.

*Judgment affirmed*
*without prejudice.*

(Decided 2nd May, 1878.)