# HUMPHREY D. WOLFE, ADMINISTRATOR, *vs.* JESSIE H. MURRAY.

*Administrator of Deceased Obligor Cannot be Sued Jointly With Sur-*
*viving Joint Obligor—Striking out Judgment.*

When after suit brought against two defendants on a joint obligation one
of the defendants died, it is error to make the administrator of the de-
ceased obligor a co-defendant in the same action, and a judgment ren-
dered against the surviving obligor and the administrator of the de-
ceased defendant, will be stricken out.

Appeal from the Baltimore City Court (SHARP, J.)

The cause was argued before McSHERRY, C. J., FOWLER,
BRISCOE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Alonzo L. Miles* (with whom was *Arthur P. Gorman, Jr.,*
on the brief), for the appellant.

*J. J. Alexander* (with whom was *C. W. Nash* on the brief),
for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

This is an appeal from an order of the Baltimore City Court
which rescinded a previous order striking out a judgment and
declared the judgment to be restored.

The suit was originally instituted in the Circuit Court for Howard County on April 13th, 1894, against John H. R. Wolfe and his wife, Lavinia, upon the common counts in assumpsit. After having been continued from term to term until March 22nd, 1895, it was then removed on affidavit by the defendants to the Circuit Court for Baltimore County where the defendants filed the general issue pleas on May 13th, 1895.

John H. R. Wolfe then died and the plaintiff suggested his death and, instead of docketing a separate suit against his administrator as is required in such cases by sec. 50 of Art. 4 of the Code, procured the administrator to be made a co-defendant to the existing suit and summoned upon process issued out of the Circuit Court for Baltimore County. At that stage of the proceedings the defendants with leave of the Court withdrew their pleas and filed a demurrer to the declaration. The Court sustained the demurrer and directed the plaintiffs to declare over.

The case was continued in that condition from term to term until the March Term, 1897, when it was put upon the stet docket under the rule of Court after having been called four times and continued. On December 9th, 1898, while the case was upon the stet docket the plaintiff so amended his *narr.* as to aver that the transactions out of which the alleged indebtedness of the defendants arose had been made during the lifetime of the said John H. R. Wolfe and his wife, Lavinia, "at their written request."

Nothing further seems to have been done until the 8th of February, 1901, when the plaintiff, without first procuring the case to be taken from the stet docket and restored to an active condition, filed a suggestion and affidavit for its removal and it was thereupon transmitted to the Baltimore City Court where it was placed upon the trial docket and on May 31st, 1901, on motion of the plaintiff a judgment by default was entered against the defendants for want of a plea to the amended *narr.* This judgment was made final and extended on June 3rd, 1901.

On March 19th, 1902, the Court struck out this judgment

on motion of the defendants who were granted ten days within which to plead to the amended *narr.*   On March 25th, 1902, they filed pleas to the jurisdiction of the Court.   To these pleas the plaintiff filed a motion *ne recipiatur* which the Court granted on November 3rd, 1902, refusing the defendant's application to plead over, and at the same time passed the order appealed from, which is as follows :

"The motion of the defendants to strike out the judgment entered against them in this cause having been fully argued before the Court, the Court thereupon on the 19th day of March, 1902, made an oral order directing the judgment to be stricken out on condition that the defendant's plead to the merits within 10 days from the date of the order, which order or judgment the clerk by inadvertence entered on the docket. Motion to strike out judgment granted, judgment stricken out and defendants to plead within ten days, and the defendants having thereafter filed a plea to the jurisdiction, the plaintiff entered a motion that the said plea to the jurisdiction be not received and that the order striking out the said judgment against the defendants should be rescinded and the said judgment restored.

"It is thereupon this first day of November, 1902, after argument considered and adjudged by the Court here that the docket entries 19th March, 1902, to wit : "Motion to strike out judgment granted, judgment striken out and defendants to plead within ten days " be amended so as to read "Motion to strike out judgment granted, judgment stricken out and defendants to plead to the merits within ten days," the same being the real order or judgment made by the Court on the said 19th day of March, 1902, upon the said motion to strike out said judgment.   And it is further considered and ordered by the Court that the defendants having failed to plead to the merits within said ten days, as required by said order of 19th March, 1902, that the motion of the plaintiff that the plea to the jurisdiction filed by the defendants herein be not received, and that the order striking out the said judgment be rescinded and the said judgment restored, be and the same is hereby granted, and the said judgment so stricken out be and the same is hereby restored."

We do not deem it necessary to discuss all of the grounds of objection urged by the appellants on their brief and in argument, to the action of the learned Judge of the City Court in

passing this order. It is apparent upon the face of the record not only that the judgment against the appellants never should have been entered and was therefore properly stricken out, but also that the suit in its present form cannot be maintained, one of the defendants being sued in his own right and the other as administrator.

As was said by our predecessors in *State, use of Ranstead v. Banks,* 48 Md. 520: "It was error to join the surviving obligor and the executor of the deceased obligor in the same action. In such cases separate suits only can be maintained for the reason that they are liable in different rights and the judgments, if recovered, will not be the same, one being *de bonis propriis* and the other *de bonis testatoris.*" The doctrine there announced had already been asserted in *Blizzard, Admr., v. Jacobs,* 3 G. & J. 70-73, and it is directly applicable to and must control the suit now under consideration. The order appealed from must therefore be reversed.

. It is not apparent from the record that the plaintiff at the time of instituting his suit held any such joint written obligation of the husband and wife who were the original defendants as is contemplated by sec. 2 of Art. 45 of the Code, which furnished the only authority then existing for bringing a joint suit at law against a husband and wife, but as he may have then held such an obligation we will remand the case to the end that he may be permitted upon proper terms to amend his suit, if he desire so to do, by discontinuing it as to Humphrey D. Wolfe, administrator. The remaining defendant should then be permitted to plead to the merits to the end that the case may proceed in due course.

> *Order appealed from reversed with costs and case remanded for further proceedings in accordance with this opinion.*

(Decided March 31st, 1903.)