A. D. CARTWRIGHT, JR., and wife, CLARA CARTWRIGHT,

*v.*

CHARLES GIACOSA, and wife, ANGELINE GIACOSA.

390 S.W.2d 204.

(*Jackson,* April Term, 1965.)

Opinion filed May 7, 1965.

CANADA, RUSSELL & TURNER, Memphis, COOPER TURNER, JR., Memphis, of counsel, for appellants.

JOHN E. ROBINSON, WILLIAM H. FISHER, III, Memphis, for appellees.

20

MR. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

The bill in this cause had a double-barreled aspect. First, the specific performance of an alleged contract of the appellees was sought, and in the alternative the complainants, appellants here, prayed for damages against the defendant-appellee, Charles Giacosa, for such damages as they had sustained by reason of a breach of his contract. Demurrers were filed to this bill by the appellees, which were sustained, the suit dismissed, and this appeal resulted.

The Cartwrights alleged that they had executed a written contract to purchase from the Giacosas a tract of land in Shelby County, Tennessee, specifically describing the land, and that even though they were ready, willing and able to comply with their contract Charles Giacosa announced that he would not comply with the contract, giving as a reason therefor the failure and refusal of his wife, Angeline Giacosa, to execute the contract because she was not satisfied with the price for the purchase of the land.

The contract is attached to the bill as an exhibit thereto. This contract is apparently on the form used for the sale of real estate in Shelby County, and contains in the body of the contract the names of Charles Giacosa and wife as vendors and that of Cartwright and wife as vendees. The contract is signed by Cartwright for himself and wife, but is signed only by Charles Giacosa, and in no wise is it shown in this contract that Mr. Giacosa was signing it individually and as agent for his wife, but is signed by him alone. The first portion of the bill alleges very specifically that this contract was signed by

Charles Giacosa "acting with full authorization from his wife, * * * and was acting for and in her behalf and with her full knowledge and approval."

Mrs. Giacosa demurred to the bill on the ground that it is shown on the face of the contract that it was not signed by or for her as required by the statute of frauds, T.C.A. sec. 23-201(4).

Mr. Giacosa demurred to the bill upon the ground that the contract showed that it was not signed by or for his wife as required by the same section of our statute of frauds, and that since the Cartwrights knew that the land in question was owned by the Giacosas as tenants by the entireties it was not contemplated that Mr. Giacosa would be bound unless his wife also became bound by the contract. His demurrer was later amended to allege that he would not be bound because of lack of mutuality of remedy and/or obligation and because the contract was too vague and uncertain.

Our statute of frauds, T.C.A. sec. 23-201(4), as far as here applicable provides:

"*Writing required for action.*—No action shall be brought:

"(4) Upon any contract for the sale of lands, tenements, or hereditaments, or the making of any lease * * *

"Unless the promise or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person by him thereunto lawfully authorized."

The bill shows that the property in question was owned by the Giacosas as tenants by the entireties. The contract fails to show that Mr. Giacosa in signing this contract signed it in any wise as agent of his wife. It is true that the word "Seller(s)" with the (s) is printed on the contract and the body of the contract shows Charles Giacosa and wife, but there is not the slightest indication that in signing this contract he was doing it personally and as an agent for an undisclosed principal, his wife or anyone else. It is purely a personal signature.

■■ The name Charles Giacosa and wife, in the body of this instrument, is not a signature within the meaning of the statute. The reasoning in *Burton v. Jones*, 147 Tenn. 624, 250 S.W. 548, 28 A.L.R. 1111, on this point is controlling here. If the contract had contained language to the effect that Mr. Giacosa signed it individually and as agent for his wife or some one else then evidence would have been admissible to show for whom he was acting, and it would then be a matter of proof as to whether or not he had authority to so act. Where though the contract shows on its face that there is no ambiguity nor an undisclosed principal, parol evidence is not admissible to vary the terms of a written contract. Cases are legion, of course, on this question, and citations in support of this statement are not necessary. A number of such cases are cited as a footnote to the Code Section in question under Note 107 thereof.

It is argued that our case of *Texas Co. v. Avcock*, 190 Tenn. 16, 227 S.W.2d 41, 17 A.L.R.2d 322, is in point. We do not agree because in the Texas Company case it was shown that the person executing the contract was doing so as an agent. The authorities cited by the appellants do not support the proposition that parol evidence may be

introduced under a factual situation as here, that is, to show that although the contract was signed by the man alone he was likewise acting as agent for his wife. It is true that 49 Am.Jur., Statute of Frauds, sec. 415, page 719, says that "Specific performance of a contract to purchase real estate, duly signed by an agent, may be enforced, etc. * * *" But all the authorities, as far as we can find, show that there must be some indication that the person signing signs it not merely in his individual capacity but as an agent.

The case of *Kaminski v. Wladerek,* 149 Md. 548, 131 A. 810, is cited as authority for the proposition that under this contract evidence may be heard to show that the husband in addition to signing as an individual was likewise signing as an agent. This case is a well reasoned case, but factually it does not govern, and is not even persuasive, as far as we are concerned as to the argument that evidence may be introduced to show that the husband here was acting for his wife. The reason is that in this Kaminski case the wife there had been given a general Power of Attorney to execute deeds, leases, etc., and as such she did execute the lease in this case, and it was based on this Power of Attorney that the court held that she was authorized to act for her husband therein.

██ It appears to us clearly that here we have no contract made by the wife or by anyone alleging that he was acting for her, which can be enforced against her under the statute of frauds, and we cannot enforce the contract of the husband against the property held by him and his wife.

The existence of the relationship of husband and wife, standing alone, or knowledge by the wife of the husband's intention to bind her, together with a failure

on her part to object, is insufficient to constitute him her agent in making this contract. *Irwin v. Dawson,* 197 Tenn. 314, 273 S.W.2d 6.

So it is, we think the Chancellor was eminently correct in sustaining the demurrer as to Mrs. Giacosa. This being true and she being a tenant by the entireties with her husband, the portion of the suit for specific performance must go out, but the allegations of this bill insofar as the portion of the suit is concerned as to damages against Mr. Giacosa presents another proposition.

■■ The original bill alleges a contract, unconditional on its face, to convey, or cause to be conveyed, certain real estate owned by this man and his wife. This contract that Mr. Giacosa entered into was an unconditional promise to "convey, or cause to be conveyed", the real estate in question, which he partly owned. The bill alleges he was acting in a dual capacity for himself and his wife. He agreed to convey his interest and to cause his wife to convey her interest, and thus it is that the bill in its latter aspects is for breach of this promise—that is, the promise to convey and to cause his wife to convey her interest—and the complainants certainly should be entitled to recover for any damages flowing from such acts of Mr. Giacosa. Since we have here a bill making these allegations which is demurred to, we must assume that such factual allegations as are made are true. *Zager v. Cobb,* 192 Tenn. 79, 237, S.W.2d 560. Under the factual situation here clearly this man should be liable for the damages that he has caused, because under these allegations there is really mutuality of contract in that he agreed and did sign himself and agreed to have the other person sign the contract so that he makes himself liable for what damages he has caused.

We think under the factual situation as alleged in this bill that this case comes within the rule as set forth in 55 Am.Jur., Vendor and Purchaser, sec. 562, page 955, thus:

"The rule that the purchaser cannot recover for the loss of his bargain where the vendor acted in good faith in entering into the contract to convey land is generally held, even by the court which ordinarily recognize and apply that rule, to be inapplicable where the reason for the vendor's breach is the refusal of his or her spouse to join in the conveyance; this breach is ordinarily deemed to constitute such fraud upon the part of the vendor as to entitle the vendee to recover as an element of damage compensation for the loss of his bargain. * * *"

The case of *Stone v. Kaufman,* 88 W.Va. 588, 107 S.E. 295, 297, is in point. The Supreme Court of Maryland in *Scott v. White,* 190 Md. 389, 58 A.2d 490, made this very apt statement with reference to a factual situation such as the bill herein sets forth. That court said:

"Where contracts are unenforceable because they come within the prohibition of the statute of frauds, or lack mutuality, or there is some other legal impediment, and where the legal remedy to the injured party is inadequate, it has been held by this Court and by other jurisdictions, that it would be inequitable not to redress the injury done in some way. Consequently, the cases have been retained for the purpose of ascertaining how far relief may be granted by enforcing a lien against the property or declaring that a trust exists over it for the benefit of the injured party, to the extent of advances made for improvements or of the purchase price, or other permanent payments, or additions made

to it. (Two cases are cited.) The basis of these cases is that it would be a flagrant injustice to permit a party to receive all the benefits of an unenforceable contract and to escape with them, leaving the other party with no remedy whatever.''

Thus it is, we hold that the demurrer as to the husband should have been overruled. The case is thus reversed and remanded as to Charles Giacosa.