# Richmond

## T. NEVIL INGRAM, INC. V. JAMES C. LUNSFORD.

### April 23, 1976.

### Record No. 750824.

Present, I'Anson, C.J., Harrison, Cochran, Harman, Poff and Compton, JJ.

*John S. Smart (Smart & Cocke*, on brief), for plaintiff in error.

*Denis C. Englisby (Peter A. Nikas; Bremner, Byrne, Baber & Janus*, on brief), for defendant in error.

Per Curiam.

Plaintiff, T. Nevil Ingram, Inc., brought this action against the defendant, James C. Lunsford, to recover damages for breach of contract to sell realty. The trial court, after considering memoranda submitted by the parties, sustained a demurrer to the motion for judgment and dismissed the action.

Plaintiff alleged, *inter alia*, that it and defendant entered into a written contract whereby defendant agreed to sell and plaintiff agreed to buy certain real estate, namely: the "remainder of 201 acres [previously] deeded to James C. Lunsford and wife;" that it was ready, willing and able to comply with the terms of the contract; that defendant's wife had advised it by letter that she would not sign the deed because the value of the property had "overdoubled in price;" and that

defendant, by his failure to have his wife join in the contract, had created a legal restriction which effectively precluded it from obtaining the property by specific performance.

In support of his demurrer, defendant filed as exhibits the contract between the parties and the deed conveying the subject property to him and his wife. The wife's name was not mentioned in the contract and there was no designated place for her signature. The deed shows that the property was conveyed to defendant and his wife as tenants by the entireties with the right of survivorship as at common law.

No reasons were stated by the trial court in sustaining the demurrer. We may assume, however, from the memoranda of authorities filed by the parties below and from argument of counsel before us, that the demurrer was sustained because the subject property was owned by defendant and his wife as tenants by the entireties and because wife did not sign the contract. Therefore, the court held the contract void from its inception, and ruled that no action could lie for breach of a non-existent contract.

Plaintiff concedes that because of the nature of a tenancy by the entirety, specific performance is entirely foreclosed by the failure of Mrs. Lunsford to join in the contract. *Vasilion* v. *Vasilion*, 192 Va. 735, 66 S.E.2d 599 (1951). It contends, however, that while the contract cannot be specifically enforced and is void so far as it purports to affect the husband's or wife's title to the property, it retains validity between the parties as a foundation for an action at law to recover damages for breach of contract. Plaintiff's contention finds support in *Way* v. *Root*, 174 Mich. 418, 426-27, 140 N.W. 577, 579-80 (1913), which is virtually identical to the present case. *Accord, Cartwright* v. *Giacosa*, 216 Tenn. 18, 25, 390 S.W.2d 204, 207 (1965); 41 C.J.S. *Husband and Wife*, § 34(b) at 467 (1944). Cf. *Greer* v. *Doriot*, 137 Va. 589, 120 S.E. 291 (1923). We agree with this contention.

We have held that one may contract to sell that which he does not own at the time of contracting and is answerable in damages for his subsequent inability to perform. *Jennings* v. *Realty Developers, Inc.*, 210 Va. 476, 479-80, 171 S.E.2d 829, 832 (1970); *Spruill* v. *Shirley*, 182 Va. 342, 348-49, 28 S.E.2d 705, 708 (1944).

Under the contract here the defendant personally obligated himself to convey the subject property to the plaintiff. At that time, he could not convey a good title without the wife's signature. However, the contract nowhere states or implies that its validity is dependent

upon the wife's signature. Even though the plaintiff is precluded from obtaining specific performance of the contract, this does not prevent him from maintaining an action to recover damages for its breach.

We hold that the motion for judgment set forth a cause of action against the defendant and that the trial court erred in sustaining the demurrer. Hence the judgment is reversed and the case is remanded for a trial on the merits.

*Reversed and remanded.*