## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Robert C. O'Neill

v.

Layton R. Fairchild

May 9, 1989

Case No. L-89-145

By JUDGE WILLIAM H. LEDBETTER, JR.

This is an action brought by O'Neill against Fairchild to recover damages for breach of contract to sell real estate. The case is before the court on Fairchild's motion for summary judgment, argued on May 1, 1989.

On July 1, 1988, Fairchild by written contract agreed to sell to O'Neill a tract of real estate in Spotsylvania County. The purchase price was specified; the property was described; terms of payment were set forth; and a settlement date was provided. O'Neill made a deposit against the purchase price. The parties reached the agreement without intervention of a real estate agent.

A portion of the subject property is owned by Fairchild and his wife as tenants by the entirety, and Mrs. Fairchild has a contingent right of dower in the remainder of the tract. Nevertheless, Mrs. Fairchild was not named as a party in the contract, and she did not sign it.

Although the contract is referenced in the motion for judgment, it was not filed as an exhibit with that pleading. However, a copy of the instrument was tendered, by agreement, at the May 1st hearing and is now a part of the record.

84

On page 4 of the contract, Fairchild agreed to convey by general warranty "with the usual covenants of title" and "free from encumbrances except as outlined in *Title*." In another paragraph on that page, under the heading "*Title*," Fairchild agreed that title would be "good of record and in fact" and that he would remedy "defects of title" at his own expense. The parties further agreed, however, that in the event "a defect cannot be cured readily," Fairchild had the "option" to "void" the contract and return O'Neill's deposit without further liability.

At some point prior to the settlement date, Fairchild informed O'Neill, through counsel, that his wife would not execute the deed. O'Neill subsequently instituted this action.

It is settled in Virginia that one may contract to sell that which he does not own at the time of contracting and is answerable in damages for his subsequent inability to perform. *Jennings v. Realty Developers, Inc.*, 210 Va. 476 (1970).

In *Ingram v. Lunsford*, 216 Va. 785 (1976), this rule was applied against a seller who obligated himself to convey property owned with his wife as tenants by the entirety when the wife later refused to sign the deed. In that case, the Court said:

> At [the time of contracting, the seller] could not convey a good title without the wife's signature. However, the contract nowhere states or implies that its validity is dependent upon the wife's signature. Even though [the purchaser] is precluded from obtaining specific performance of the contract, this does not prevent him from maintaining an action to recover damages for its breach.

In *Wright v. Bryan*, 226 Va. 557 (1984), the buyers repudiated a contract for the sale of real estate and demanded return of their deposit on the ground that the contract was void because the seller owned the property with his wife, who was not a party to the contract. The Court held:

The general rule is that a contract for the sale of real estate is not void merely because the vendor does not have the capacity to convey good title at the time of contracting, provided the vendor acquires such capacity by the time fixed for his performance . . . .

Furthermore, the contract does not lack mutuality merely because the seller's wife did not sign it . . . . After the parties executed the contract, they had only to perform their promises. If either party failed to do so, this would have constituted a breach rendering the defaulting party liable to the other.

Certainly, specific performance was fore-closed, due to the nature of a tenancy by the entirety, because the seller's wife did not sign the contract . . . . But even though the contract cannot be so enforced and is void so far as it purports to affect the wife's title to the property, it nevertheless retains its "validity between the parties as a foundation for an action at law to recover damages for breach of contract." (Citing *Ingram, supra*).

Therefore, in *Wright*, because the purchaser repudiated the contract in advance of the date when the seller was required to perform, the purchaser, not the seller, default-ed and was held liable to the seller.

Fairchild argues that the general rule embraced by these cases is inapposite here because the parties expressly agreed otherwise. He relies on the proviso in the paragraph on "Title" which allows him to opt out of the contract if there is "a defect [that] cannot be cured readily."

The issue, then, is whether the language in the proviso, discussed above, exempts Fairchild from liability which otherwise would be imposed under the general principle set forth in *Jennings, Ingram*, and *Wright*.

Resolution of the issue depends upon the meaning of the term "defect of title" as employed in the contract. Because no evidence has been taken, and none has been stipulated beyond the contract itself, the court is asked to decide the question from the pleadings and the face of the contract. Further, neither party contends, at least

at this stage of the proceeding, that the term is ambiguous, so the customary rules of construction and the meaning assigned by the parties themselves, if the subject was discussed, cannot be considered.

No Virginia case defines "defect of title." However, in at least one Virginia case, the Court has made a distinction between a seller's *capacity to convey* and *defects in title*. In *Waskey v. Thomas*, 218 Va. 109 at 112 (1977), the Court said: "Where the contract calls for purchase by installment payments and delivery of the deed upon final payment, and the vendor has *misrepresented his capacity to convey* what he has contracted to convey *or* concealed *defects in the title*, the general rule is subject to exception. Although the exception to the general rule created in *Waskey* is not pertinent here, the phraseology chosen by the Court, quoted above, is.

The authorities provide little guidance, except that in most treatises and other material discussing title to real estate, such discussions normally focus upon (1) miscellaneous encumbrances such as party walls and outstanding leases; (2) liens such as mortgages, deeds of trust, tax liens and judgments; (3) restrictions on use such as restrictive covenants; (4) easements, and (5) survey problems, including encroachments.

O'Neill cites *Portis v. Thrash*, 229 S.W.2d 127 (Ark. 1950), for the proposition that a spouse's refusal to sign a deed is not a title defect. There, the seller under a real estate sale contract owned the property jointly with her husband, not a party to the contract, who later refused to sign the deed. Suit was brought not by the buyer but by the real estate agent for his commission. The Court acknowledged that a broker is not entitled to a commission if at the time he makes sale of property he knows of defects in the title and by reason of those defects the sale cannot be made effective. Nevertheless, the Court reasoned, the non-joinder of a spouse in the anticipated conveyance is not a "defect in the title." A "defect in the title," the Court held, means "something existing at the time of the contract and not the future possibilities of the refusal of a spouse to join in the conveyance." Accordingly, the broker was entitled to his commission.

Returning to Virginia law, to reiterate: the general rule is that a seller who obligates himself to convey property in which his spouse has an interest is answerable in damages for his subsequent inability to perform if the spouse later refuses to sign the deed. Superimposing the holding in *Portis* on the aforesaid general rule in Virginia, one can reasonably conclude that in order to exempt the seller from liability under such circumstances, the contract must state or imply that its validity is dependent upon the wife's signature (*see Ingram, supra*), and that a generally-phrased clause which immunizes the seller in the event of defects of title which "cannot be cured readily" does not, at least on its fact, suffice.

This conclusion is especially fair and reasonable where, as here, the seller knew or is charged with knowing that his wife would have to sign the deed, and that, between the execution of the contract and conveyance, the buyer would be having the property surveyed at his sole expense (see "*Exact Area and Survey*") and might be expending money to conduct tests, inspections and studies (see "*Prior Access, Tests, Studies*"). It seems unlikely that the contract should be interpreted, on its face, to permit the seller to stand by while the buyer incurs such costs and then announce, with total impunity, that he is voiding the contract and remitting the deposit because his wife says that she will not sign the deed.

For the reasons explained, the court rules that the contract language cannot be construed, *per se* and as a matter of law, in the manner urged by Fairchild, and that there are or might be material facts genuinely in dispute. *See* Rule 3:8. Accordingly, the motion for summary judgment is overruled.