**UNION OIL COMPANY OF CALIFOR- NIA, Plaintiff-Appellee,**

v.

**SERVICE OIL COMPANY, INC., and Hugh E. Mays, Sr., Defendants-Appellants.**

No. 84–5448.

United States Court of Appeals, Sixth Circuit.

Argued May 1, 1985.

Decided June 25, 1985.

Robert H. Watson, Jr. (argued), Watson & Emert, Knoxville, Tenn., for defendants-appellants.

Ward S. Whelchel, Zwick Law Offices, William H. Skelton, R. Louis Crossley, Jr. (argued), Knoxville, Tenn., for plaintiff-appellee.

Before ENGEL and MARTIN, Circuit Judges, and TIMBERS, Senior Circuit Judge.[*]

---

[*] Honorable William H. Timbers, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

BOYCE F. MARTIN, Jr., Circuit Judge.

Service Oil Company and its president, Hugh E. Mays, Sr., appeal the summary judgment and order of dismissal entered against them in this action to recover under a jobber sales agreement and a guaranty. We affirm in part and reverse in part.

Service Oil Company is a distributor of gasoline products located in Knoxville, Tennessee. On August 1, 1975, Service entered into a jobber sales agreement with Union Oil whereby Service would buy products from Union Oil and then resell the products to local service stations. Previously, on April 11, 1975, Hugh E. Mays, Sr. had signed a guaranty agreement under which he agreed to be personally liable for all extensions of credit by Union to Service.

In 1978, Union decided to withdraw from the Knoxville retail gasoline market and sold its company-owned service stations to Service. In connection with this sale, Union and Service entered into a new jobber sales agreement on February 12, 1978. On March 7, 1978, Union and Service signed a document cancelling the 1975 jobber sales agreement (the 1978 cancellation). No new guaranty was signed at that time, and Union on several occasions has asked Mays to sign a new guaranty.

Under the 1978 jobber sales agreement, Union continued to supply petroleum products to Service. Service began to fall behind in its payments to Union in the summer of 1983, and Union terminated the jobber sales agreement on December 19, 1983. As of February 10, 1984, Service owed Union $354,387.45 under the 1978 jobber sales agreement.

Union filed the present action on November 14, 1983 claiming that Service was liable for the unpaid amount under the 1978 jobber sales agreement and that Mays was liable as guarantor under the 1975 guaranty agreement. Mays defended the complaint on the ground that the guaranty had been terminated by the 1978 cancellation.

Service argued that the jobber sales agreement was illegal under federal antitrust laws. Service also filed a counterclaim alleging violations of the antitrust laws by Union.

The district court granted Union summary judgment on its main claim on February 24, 1984. The district court found that the 1975 guaranty stated that it "shall remain in full force and effect until same is revoked in the manner" provided in the guaranty. Under the guaranty, Mays could only terminate it upon written notice to Union at its office in Birmingham, Alabama and by paying the amount of money then owed under the contract. Because Mays had not complied with these provisions, the district court held that the guaranty was still in effect and enforceable. The court rejected Mays' affidavit that stated that Union representatives had told him that the 1978 cancellation also terminated the guaranty as "self-serving parole evidence" that was insufficient to present a material issue of fact. With respect to Service's antitrust defense, the district court stated that "[w]hether Service Oil has paid for goods received and whether plaintiff violated state and federal statutes in the selling of these goods are wholly separate issues," citing *Bruce's Juices, Inc. v. American Can Co.*, 330 U.S. 743, 67 S.Ct. 1015, 91 L.Ed. 1219 (1947).[1] The district court therefore granted summary judgment against both defendants for the amount of the debt.

Service and Mays appealed the grant of summary judgment to this Court. We dismissed the case for lack of jurisdiction on the ground that there was no final judgment because the defendants' counterclaim was still pending and the district court had not granted a partial final judgment as allowed by Federal Rule of Civil Procedure 54(b). *Union Oil Company of California v. Service Oil Co.*, No. 84–5185 (6th Cir. April 20, 1984).

Following this Court's decision, the district court considered a motion by the defendants pursuant to Federal Rule of Civil Procedure 60(b) to be relieved from the summary judgment because of newly discovered evidence. The newly discovered evidence was an affidavit by Charles Venable, Union's representative during the negotiation of the 1978 jobber sales agreement, which stated that Venable had informed Mays that the guaranty was terminated by the 1978 cancellation and that he was instructed by Union to inform Mays of such a cancellation. The district court on May 2, 1984 refused to grant the motion under Rule 60(b) because the defendants had failed to show that despite their due diligence as required by the rule, they were unable to discover the evidence before the hearing on summary judgment. In the same order, the court dismissed the defendants' antitrust counterclaim without prejudice because it added needless complexity to the main claim. This appeal ensued.

The defendants present three issues on appeal. First, Mays argues that his affidavit created a material issue of fact as to the enforceability of the guaranty so that summary judgment was improvidently granted against him. Second, Mays argues that the district court abused its discretion in not relieving him from the judgment so he could present the Venable affidavit as evidence. Finally, both defendants argue that the district court abused its discretion in dismissing their antitrust counterclaim.

In support of his first argument, Mays relies on the following language in the 1978 cancellation agreement:

[T]he undersigned parties hereby mutually agree that [the jobber sales] agreement, *and any amendments thereto*, shall be and the same hereby are cancelled and terminated.... (emphasis added).

Mays argues that the guaranty was an amendment to the 1975 jobber sales agree-

---

1. We do not understand appellants to be challenging this ruling on appeal. In their brief, the appellants only assert that their antitrust counterclaim should not have been dismissed. They do not claim that the district court erred in finding that their counterclaim did not state a valid defense to Union's action on the note.

ment and that this language cancelled the guaranty. He maintains that his affidavit presented a factual question as to whether the parties intended the word "amendments" to include the guaranty and that his testimony would have been admissible parol evidence to establish what the parties meant by "amendments."

■ We do not find this argument convincing. Under Tennessee law, parol evidence is not admissible to interpret a contract when there is no ambiguity on the face of the contract. *Cartwright v. Giacosa*, 216 Tenn. 18, 390 S.W.2d 204, 206 (1965); *McMillin v. Great Southern Corp.*, 480 S.W.2d 152, 155 (Tenn.Ct.App.1972). We believe there is no ambiguity with the word "amendments" so that it could include the 1975 guaranty. We come to that conclusion for two reasons.

First, the word amendment connotes a modification that postdates an earlier contract. In this case, the guaranty, which Mays would have us consider as an amendment, predated the jobber sales agreement by over three months. Second, even if the guaranty had been subsequent to the jobber sales agreement, the two contracts were not even between the same parties. The jobber sales agreement was between Union and Service, and the guaranty was between Union and Mays. It is implausible that a contract between two parties could "amend" an earlier contract between different parties. We therefore conclude that the word "amendments" is unambiguous on its face, at least with respect to the guaranty, and that Mays' parol evidence would not have been admissible evidence to interpret the 1978 cancellation agreement. As there was no material issue of fact as to the enforceability of the guaranty, summary judgment was properly granted to Union against Mays.

Mays next argues that the district court erred in not relieving him of the judgment under Rule 60(b) so that he could present new evidence. Mays argues that his and his son's affidavits, which stated that they had both repeatedly attempted to contact Charles Venable before the summary judg-

ment, were sufficient to establish their due diligence in attempting to discover the new evidence. The district court rejected this contention on the ground that Venable was known by the appellants to be a potential witness long before the summary judgment.

■ In reviewing the denial of a Rule 60(b) motion, we are limited to determining whether the district court abused its discretion. *Windsor v. United States Department of Justice*, 740 F.2d 6, 7 (6th Cir. 1984). We shall find an abuse of discretion only if we have "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Taylor v. United States Parole Commission*, 734 F.2d 1152, 1155 (6th Cir. 1984) (quoting *McBee v. Bomar*, 296 F.2d 235, 237 (6th Cir.1961)).

■ In this case, we cannot find that the district court abused its discretion. The appellants' affidavits simply state that they tried to reach Venable on a number of occasions and failed. The appellants made no effort to explain why they did not subpoena Venable for a deposition prior to the summary judgment hearing. Under the circumstances, we cannot say that the district court abused its discretion.

Finally, the appellants argue that the district court erred in dismissing their antitrust counterclaim without prejudice. Union argues that this dismissal is not an appealable order because it is not a final decision within the meaning of 28 U.S.C. § 1291. Union reasons that the dismissal was not on the merits and that the appellants can simply file a new complaint based on their counterclaim. Union relies primarily on *Azar v. Conley*, 480 F.2d 220, 223 (6th Cir.1973), where this Court held that the dismissal of a complaint with leave to amend is not a final appealable order.

■ We cannot agree with this argument. In *Azar*, the district court dismissed the plaintiffs' complaint so that they could clarify their claims in an amended complaint. In this case, the district court did not suggest that the appellants' counterclaim needed to be cured by amendment.

The court simply dismissed the counterclaim, without reference to any authority, and suggested that the appellants could file the counterclaim as a new suit. Under the circumstances, we believe that this is a final, appealable order for the purposes of 28 U.S.C. § 1291. *See Robinson v. Federal National Mortgage Association,* 673 F.2d 1247, 1249 (11th Cir.1982) (finding an involuntary dismissal without prejudice to be a final appealable order).

■ Union also argues that even if the dismissal is an appealable order, it was harmless error to dismiss the counterclaim because the district court could have reached the same result by separating the claims for trial pursuant to Federal Rule of Civil Procedure 42(b). We do not believe that Rule 42(b) is applicable to this case. Under Rule 42(b), a claimant's counterclaim admittedly can be separated for trial. In this case, however, the district court had already granted summary judgment on the main claim, so there were not two different claims to separate for trial. Moreover, under Rule 42(b), separation of claims for trial does not result in separate judgments on each claim. 9 C. Wright & A. Miller, FEDERAL PRACTICE & PROCEDURE § 2387 (1971). In this case, the district court's order would result in a judgment now on Union's claim, which would be immediately collectible, and a judgment later when Service gets to litigate its counterclaim in a new suit. Thus, the result that the district court reached is substantially different from the result that would have been reached under a Rule 42(b) separation.

Instead of Rule 42(b) we believe the pertinent rule in this case is Federal Rule of Civil Procedure 54(b). Pursuant to that rule, a district court can enter final judgment on a main claim while allowing a counterclaim to continue to be litigated. To enter such a final judgment, however, the district court must make an "express determination that there is no just reason for delay" and expressly direct the entry of judgment. *Id.*

A partial final judgment under Rule 54(b) would have been the appropriate way to handle this case. There is no authority to support the outright dismissal of a counterclaim, as was done in this case, just because it made the litigation complex. As was just discussed, Rule 42(b) was inapplicable. Instead, the district court should have decided whether there was any "just reason to delay" an entry of final judgment on Union's main claim and if there was not, it could have directed a final judgment on Union's claim under Rule 54(b).

Because the district court failed to make such a determination under Rule 54(b), we reverse the judgment in this case and remand it to the district court to decide whether final judgment on Union's claim would have been appropriate. If the district court finds that the antitrust counterclaim is so intertwined with Union's claim that entry of a final judgment on Union's claim is unjust, then it should not enter judgment on Union's claim until Service has the opportunity to litigate its counterclaim. If, however, the court finds that there is no just reason for delay, it may enter a final judgment for Union on its summary judgment.

Each party shall bear its own costs on appeal.