786 F.2d 1167
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CONSTANCE WALKER, Plaintiff-Appellant
v.
MANAGEMENT SYSTEMS, INC., Defendant-Appellee
DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Third Party
Defendant-Appellee.
 84-1519
 United States Court of Appeals, Sixth Circuit.
 2/19/86
 
 E.D.Mich.
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: KEITH and MARTIN, Circuit Judges; and RUBIN,* Chief District Judge.
 PER CURIAM.
 
 
 1
 Constance Walker appeals from the district court's denial of a Rule 60(b) motion for relief from a judgment of dismissal for failure to prosecute. Walker claims that she was injured in September of 1975 when she smalled gas near the furnance in her cooperative apartment and lit a match, causing an explosion. The building was owned by the Secretary of Housing and Urban Development and operated by Management Systems, Inc.
 
 
 2
 After the case was removed to district court on May 21, 1981, Walker followed a path of inaction. Finally, on September 20, 1983, a notice of a final pretrial conference was filed and served upon Walker's counsel at the address indicated on the pleadings. Walker's counsel did not attend the conference on October 14, 1983. The district court therefore dismissed the case on October 24, 1983, for failure to prosecute. Walker's counsel moved for relief from the judgment under rule 60(b)(1) of the Federal Rule of Civil Procedure on December 29, 1983 and the motion was denied on June 14, 1984. Walker claims in an appeal filed July 11, 1984, that the dismissal was an abuse of discretion as was the denial of relief from the dismissal.
 
 
 3
 This Court cannot review the dismissal by the district court because this appeal, filed over eight months after dismissal, was not timely. Walker could have appealed the district court's judgment at anytime within sixty days of that judgment but did not. Whereas Rule 59 motions, which must be filed within ten days of the judgment, toll the appeal period, Rule 60(b) motions, such as Walker's motion, do not toll the appeal period. Sherman v. Charter Township of Delhi, No. 81-1354, slip op. (6th Cir. Dec. 16, 1985); Peake v. First National Bank & Trust Co. of Marquette, 717 F.2d 1016 (6th Cir. 1983).
 
 
 4
 This Court's review is limited to whether the district court's denial of Walker's rule 60(b)(1) motion was an abuse of discretion. Union Oil Co. of California v. Service Oil Co., 766 F.2d 224, 227 (6th Cir. 1985). We find abuse of discretion only if we have 'a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.' Taylor v. United States Parole Comm'n, 734 F.2d 1152, 1155 (6th Cir. 1984) (quoting McBee v. Bomar, 296 F.2d 235, 237 (6th Cir. 1961)).
 
 
 5
 Upon consideration of the facts of this case, we conclude that the district court properly exercised its discretion in denying the rule 60(b)(1) motion on the basis that it was not made within a reasonable time. Rule 60(b)(1) requires that the motion be made within a reasonable time not to exceed one year. In this case, Walker argues that her first attorney became a magistrate judge and transferred the case to a second attorney. In the confusion of the move, the first attorney did not receive his messages. The second attorney claims to have learned of the conference scheduled for October 14 on October 21, 1983. The attorney claims that he waited until December 29, 1983, to file the rule 60(b)(1) motion because the thought settlement was possible.
 
 
 6
 However, no change of counsel or change of address had been filed with the court. The court noted that the second attorney discovered that he had missed the conference on October 21--three days before the court dismissed the action. Yet, the attorney did not notify the court of the circumstances of his absence. The attorney's attempt to explain that he waited until December 29 to file the 60(b) motion because he thought settlement was possible is no reason for the delay. Settlement of a case is not an option if the case is dismissed. The district court therefore was justified in finding that the motion was not made within a reasonable time.
 
 
 7
 We affirm.
 
 
 
 *
 The Honorable Carl B. Rubin, Chief United States District Judge for the Southern District of Ohio, sitting by designation