886 F.2d 1316
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LaVann HUGHEY-BEY, Plaintiff-Appellant,
v.
Perry JOHNSON; Bob Brown; Anthony Balice; Abbey; John
Kennedy; John Prelsnik; John Jabe; Dale Foltz; Jay K.
Harness; Kenneth Cole; Dean Reiger; R.G. Huff; Gary
Wells; Dennis Straub, Defendants-Appellees.
 No. 89-1125.
 United States Court of Appeals, Sixth Circuit.
 Oct. 2, 1989.
 
 Before KRUPANSKY and WELLFORD, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 LaVann Hughey-Bey appeals the denial of his Fed.R.Civ.P. 60(b) motion for relief from the judgment granting summary judgment for defendants. Hughey-Bey alleged that the defendant prison officials and physicians denied him adequate medical treatment. Hughey-Bey asserted as grounds for his motion for relief from judgment that an earlier appeal from the underlying judgment was dismissed by a panel of this court as untimely because his attorney misinformed him with respect to the appeal period.
 
 
 3
 Generally, a denial of a Fed.R.Civ.P. 60(b) motion will be reviewed only for an abuse of discretion; the underlying judgment is not reviewed. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978); Union Oil Co. v. Service Oil Co., 766 F.2d 224, 227 (6th Cir.1985). Abuse of discretion will be found only where clear error has been committed. Union Oil Co., 766 F.2d at 227. A Fed.R.Civ.P. 60(b) motion cannot be used as a substitute for a timely appeal. Browder, 434 U.S. at 263 n. 7.
 
 
 4
 Here, we conclude that the district court did not abuse its discretion in denying plaintiff's motion. Although plaintiff may have been misinformed with respect to the original appeal period, plaintiff's motion for relief from the underlying judgment is merely a substitute for a timely appeal. Under these circumstances we cannot conclude that the district court committed clear error or an abuse of discretion. We have no occasion to address the timeliness or the merits of plaintiff's claims extending back to 1978.
 
 
 5
 Therefore, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.