904 F.2d 36
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Skippy Charles RUTKOWSKI, Plaintiff-Appellant,
v.
The EXTRADITION CORPORATION OF AMERICA; the Chief Executive
Officer of the Extradition Corporation of America;
Extradition Officer Jane Doe; Extradition Officer John Doe;
Extradition Officer J.J.; Extradition Officer Williams;
Wayne Snow, Jr., James T. Morris; Mobley Howell; Michael
H. Wing; Bettye O. Hutchings; David C. Evans; Doug
Richardson; R. Candelaria; Ronald D. Brooks; Bobby Sikes;
the Sheriff of Los Angeles County, California; Charles
Beal, in their individual and official capacities,
Defendants-Appellees.
 No. 89-6195.
 United States Court of Appeals, Sixth Circuit.
 June 7, 1990.
 
 1
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and PATRICK J. DUGGAN, District Judge.*
 
 ORDER
 
 2
 This pro se Tennessee prisoner appeals the district court's order denying his Fed.R.Civ.P. 60(b) motion for relief from judgment dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. Plaintiff requests counsel on appeal. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary, declaratory and injunctive relief, plaintiff sued various officers and personnel of the Extradition Corporation of America, the Georgia State Board of Pardons and Paroles, the Georgia Department of Corrections, the Parole and Community Services Division, the Liberty County Regional Jail and the Liberty County Sheriff's Department. Plaintiff claimed that these defendants violated his fifth, eighth and fourteenth amendment rights by: (1) keeping him in restraints for a period of three consecutive days and nights; (2) forcing him to maintain an upright, sitting position for a period of three consecutive days and nights; (3) depriving him of sleep for a period of three consecutive days and nights; and (4) not allowing him to bathe for a period of three consecutive days and nights. Plaintiff alleged that these events took place as he was being extradited from California to Georgia on a parole violation charge.
 
 
 4
 The district court dismissed the complaint as frivolous, noting that plaintiff's complaint was time-barred. Thereafter, plaintiff filed a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b). The district court construed the motion as a Fed.R.Civ.P. 59(e) motion and denied the motion on the basis that it was untimely. Plaintiff then filed a second motion pursuant to Fed.R.Civ.P. 60(b), which was also denied.
 
 
 5
 Upon review, we affirm for reasons other than those stated by the district court. See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985). We note that the district court improperly construed plaintiff's motion as a Rule 59(e) motion. The August 18, 1989, motion should be construed as a motion for relief from judgment pursuant to Rule 60(b), rather than a Rule 59(e) motion.
 
 
 6
 Generally, a denial of a Fed.R.Civ.P. 60(b) motion is reviewed only for an abuse of discretion; the underlying judgment is not reviewed. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978); Union Oil Co. v. Service Oil Co., Inc., 766 F.2d 224, 227 (6th Cir.1985). Abuse of discretion will be found only where clear error has been committed. Union Oil Co., 766 F.2d at 227.
 
 
 7
 There was no abuse of discretion here. Plaintiff has not shown a valid basis to toll the statute of limitations which bars his claims. See Anderson v. Orr, 851 F.2d 146, 151 (6th Cir.1988); Harrison v. Wright, 457 F.2d 793 (6th Cir.1972) (per curiam). Therefore, the motion was properly denied.
 
 
 8
 Accordingly, the request for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Patrick J. Duggan, U.S. District Judge for the Eastern District of Michigan, sitting by designation