919 F.2d 141
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry L. LUSTER, Plaintiff-Appellant,
v.
Freddy CONN; Peggy Sawyer, Defendants-Appellees.
 No. 90-5273.
 United States Court of Appeals, Sixth Circuit.
 Nov. 30, 1990.
 
 1
 Before WELLFORD and ALAN E. NORRIS, Circuit Judges; and BALLANTINE, Chief District Judge.*
 
 ORDER
 
 2
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 This pro se Tennessee prisoner appeals the district court's order denying his motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b). Seeking monetary relief, plaintiff sued the Sheriff of Coffee County, Tennessee, and the Coffee County Jail Superintendent, alleging a violation of his constitutional rights while he was incarcerated in the Coffee County Jail. Specifically he complained of dental problems that went untreated.
 
 
 4
 The district court sua sponte dismissed the complaint as res judicata. The court noted that this complaint was the third complaint that plaintiff had filed regarding the medical care he had received from November 1988 while he was in the Coffee County Jail until he was transferred to a Tennessee Department of Corrections facility, and that although in the third complaint plaintiff also complained about untreated dental problems, he could have raised these claims in his two prior complaints which involved the same defendants, same time frame and same place of incarceration. Thereafter, plaintiff filed a motion pursuant to Fed.R.Civ.P. 60(b), which was ultimately denied. Upon review, we conclude the district court properly denied the motion.
 
 
 5
 A ruling on a Fed.R.Civ.P. 60(b) motion for relief from judgment is appealable, but it does not bring the final judgment under review. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978). The abuse of discretion standard of review is applied to an appeal from the denial of a Rule 60(b) motion. Union Oil Co. v. Service Oil Co., 766 F.2d 224, 227 (6th Cir.1985).
 
 
 6
 In his Rule 60(b) motion, plaintiff contended that he could not have raised his complaints about his untreated dental problems in his prior lawsuits because the events underlying these claims did not occur until the middle of February 1989 or the first of March 1989. Plaintiff's contention is unpersuasive since Fed.R.Civ.P. 15 allows an amendment of pleadings. Thus, when plaintiff became aware of the facts underlying these claims, he could have availed himself of the amendment procedures set forth in Fed.R.Civ.P. 15. Under such circumstances, the district court did not abuse its discretion in denying plaintiff's motion filed under Fed.R.Civ.P. 60(b).
 
 
 7
 For the foregoing reasons, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Ballantine, Chief U.S. District Judge for the Western District of Kentucky, sitting by designation