920 F.2d 932
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BOARD OF REGENTS OF the UNIVERSITY OF WISCONSIN SYSTEM, Plaintiff,
v.
Ada M. FISHER, Defendant and Third-Party Plaintiff-Appellant,
v.
SECRETARY OF H.H.S., Third-Party Defendant-Appellee.
 No. 90-5256.
 United States Court of Appeals, Sixth Circuit.
 Dec. 18, 1990.
 
 Before KEITH, KENNEDY and SUHRHEINRICH, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendant and third-party plaintiff-appellant Dr. Ada M. Fisher ("Dr. Fisher") appeals the district court's December 27, 1989 order denying her motion to set aside the summary judgment entered in favor of the Secretary, Department of Health and Human Services ("Secretary"), third-party defendant-appellee. For the reasons set forth below, we AFFIRM.
 
 I.
 A.
 
 2
 On July 24, 1986, the Board of Regents of the University of Wisconsin ("University") brought suit against Dr. Fisher in the chancery court of Roane County, Tennessee, seeking payment on a defaulted student loan in the amount of $9,486.28. The University moved for summary judgment on April 16, 1987. Dr. Fisher failed to respond in a timely manner to the University's motion. Thereafter she filed a third party complaint against the Secretary on January 7, 1988, seeking indemnity on the basis that the Secretary was obligated to pay the University any unpaid portion of Dr. Fisher's student loans.
 
 
 3
 On February 2, 1988, the Secretary removed the case to federal district court. The Secretary filed his answer on April 20, 1988, denying any obligation to pay Dr. Fisher's student loans. On April 26, 1988, the University renewed its motion for summary judgment, which had been pending in state court prior to removal. Dr. Fisher failed to timely respond to the University's motion and was deemed by the court to have waived any response thereto. The court granted the motion on May 25, 1988. On June 6, 1988, Dr. Fisher moved for enlargement of time to respond to the University's motion for summary judgment, or, in the alternative, for a new trial. She claimed that notice of the filing of the University's motion was defective and that her failure to respond was due to excusable neglect. The district court denied her motion on June 27, 1988, finding no excusable neglect on Dr. Fisher's or counsel's part nor any genuine issue of material fact so as to relieve Dr. Fisher of her obligation to pay the University on the promissory note.
 
 
 4
 The Secretary moved for summary judgment on the third-party complaint on October 2, 1989. Dr. Fisher did not file a response to this motion. Instead, she corresponded with Judge Jarvis by letter dated October 9, 1989. The letter stated that her attorney of record was no longer representing her and requested a continuance of the trial date to retain new counsel. On October 17, 1989, the Secretary objected to Dr. Fisher's letter, characterizing it as a pro se motion, on the grounds that Dr. Fisher had counsel of record who had not moved to withdraw, citing Local Rules of the United States District Court for the Eastern District of Tennessee 3.3 (prohibits a pro se appearance by a party who is represented by counsel) and 3.6 (prohibits withdrawal of counsel of record without a motion requesting such). Dr. Fisher's counsel then, on October 18, 1989, moved both to withdraw as counsel, and for additional time for Dr. Fisher to obtain new counsel.
 
 
 5
 On October 26, 1989, the court granted counsel's motion to withdraw as counsel, continued the trial without date, and gave Dr. Fisher thirty days to obtain new counsel. Additionally, the court required that Dr. Fisher file a motion within the specified time frame should she need more time to search for new counsel. Further, in this event, she was required to file an affidavit with the court setting forth with particularity all efforts made to date to obtain new counsel. The court specifically directed Dr. Fisher to comply with Fed.R.Civ.P. 5 if she should personally file pleadings in the near future regarding the instant matter. The court specifically warned Dr. Fisher that failure to comply with this order in whole or in part would result in the imposition of appropriate sanctions, including the grant of the pending motion for summary judgment or the entry of judgment by default.
 
 
 6
 Dr. Fisher failed to timely comply with the directives of the court's October 26 order. She filed no responses. Thus, the court granted the Secretary's motion for summary judgment on November 30, 1989. Dr. Fisher wrote to the district judge on December 5 and December 7. Neither communication complied with the requirements of the October 26 order in form or substance. The December 5, 1989 letter states only that she was unable to contact her previous two attorneys and that she had arranged to meet with a new attorney on or after December 16, 1989. At this time Dr. Fisher also requested more time to find counsel. In a December 7, 1989 letter to former counsel, Leland Willis, Dr. Fisher requested Mr. Willis' assistance in setting aside the summary judgment. Dr. Fisher sent a copy of this letter to the district judge.
 
 
 7
 On December 8, 1989, through new counsel, Dorothy B. Stulberg, Dr. Fisher filed a motion to set aside the summary judgment pursuant to Fed.R.Civ.P. 60(b)(1) claiming excusable neglect. Dr. Fisher claimed that her recent employment in the Chicago, Illinois, area made it difficult to seek counsel in the time frame established by the court. The court denied the motion on December 27, 1989. The court found that Dr. Fisher's explanation was insufficient to avoid the imposition of the sanctions of which she had been forewarned of. The court noted that it had not received an affidavit from Dr. Fisher setting forth with particularity all efforts to obtain new counsel. Further, the court pointed out that although Dr. Fisher did advise the court that she had been unable to obtain legal counsel within the time required in her ex parte correspondence of December 5 and 7, the court did not receive this correspondence until after the order granting the Secretary's motion for summary judgment had been entered. Additionally, the court found it difficult to understand Dr. Fisher's failure in light of the fact that it had previously granted the University's motion for summary judgment on May 25, 1988, in part because she had failed to timely respond.
 
 
 8
 Dr. Fisher filed a timely notice of appeal with this court on January 26, 1990.
 
 B.
 
 9
 Dr. Fisher attended the University of Wisconsin medical school. She financed her medical school education through participation in certain student loan programs. One such program was the Health Professions Loan Repayment Program ("HPLR"). Dr. Fisher executed and signed a promissory note to the University on August 24, 1973, obligating herself to repay the University. The HPLR loan was the subject of the original suit filed by the University against Dr. Fisher.
 
 
 10
 The HPLR program provided the following term at Section III(h) of the promissory note signed by Dr. Fisher, that "subject to the availability of funds, an eligible Maker and the Secretary may enter into an agreement whereby the Maker agrees to practice his profession for at least a two year period in a designated shortage area and the Secretary agrees to repay a portion of the Maker's loan...." Joint Appendix at 11.
 
 
 11
 Dr. Fisher also financed her medical school education through the National Health Service Corporation Scholarship Program ("NHSC"). Under this program, the Secretary, through the Public Health Service ("PHS") paid Dr. Fisher's tuition and enrollment fees for the academic years 1973-74. as well as a monthly stipend for educational and living expenses. In return, Dr. Fisher agreed, upon completion of her medical training, to serve in PHS for not less than 2 years in a health manpower shortage area. The NHSC agreement provided that the service obligation would be in addition to any other obligation incurred because of financial support otherwise provided by the federal government.
 
 
 12
 Dr. Fisher satisfied her obligations under the NHSC loan and the PHS program by serving as Chief Medical Officer with the Plain View Health Center, Rose Hill, North Carolina, from June 1978 to August 1980. Dr. Fisher served an additional three years in North Carolina.
 
 
 13
 On July 30, 1979, the Department of Health, Education and Welfare ("HEW") published a notice that the HPLR program was being phased out due to the unavailability of funds. The HEW fixed April 1, 1980 as the deadline for eligible loan recipients to apply to enter into repayment agreements with the Secretary. Id. at 53 (notice of phase out of Loan Repayment Program, 44 Fed.Reg. 147 (1979)) Dr. Fisher was notifed of this by letter of August 22, 1979. Id. at 57. On November 25, Dr. Fisher requested a repayment agreement application. Since all appropriations had been totally committed by the time her application was received, the Secretary was unable to enter into an HPLR repayment agreement with Dr. Fisher and so notified her by letter on December 12, 1979. Id. at 59.
 
 II.
 A.
 
 14
 In reviewing the denial of a motion for relief from a judgment pursuant to Rule 60, this court is limited to determining whether the district court abused its discretion. Union Oil Co. of Cal. v. Service Oil Co., 766 F.2d 224, 227 (6th Cir.1985); Windosr v. United States Dep't of Justice, 740 F.2d 6, 7 (6th Cir.1984). In making this determination, we will find an abuse of discretion only if we have ' "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.' " Taylor v. United States Parole Commission, 734 F.2d 1152, 1155 (6th Cir.1984) (quoting McBee v. Bomar, 296 F.2d 235, 237 (6th Cir.1961)). Further, we may not consider the merits of the underlying judgment. Browder v. Director, Department of Corrections of Illinois, 434 U.S. 257, 263 n. 7 (1978); Peake v. First National Bank and Trust Co. of Marquette, 717 F.2d 1016, 1020 (6th Cir.1983).
 
 B.
 
 15
 On appeal, Dr. Fisher argues that the district court abused its discretion in failing to set aside its order granting summary judgment. Dr. Fisher submits that she was not represented at a critical time during which she was required to meet the dictates of the district court and that the directive to comply with Rule 5 was too complex for a non-lawyer to comprehend. The Secretary counters that neither of Dr. Fisher's ex parte letters set forth with particularity any efforts made to obtain new counsel as ordered by the district court. Further, the Secretary points out that Dr. Fisher knew not only from the district court's October 26 order, but also from prior experience in the case, that failure to make a timely response would result in judgment against her. Thus, the district court did not abuse its discretion. We agree with the Secretary.
 
 
 16
 In its October 26 order the district court very simply and clearly directed Dr. Fisher to do the following: (1) obtain new counsel within thirty days; (2) to file a motion with the court within the thirty day time frame requesting additional time if unable to obtain new counsel; (3) to file an affidavit setting forth with particularity all efforts to obtain counsel to represent her; and (4) to comply with Rule 5, should she personally file any further pleadings with the court in the near future. The district court, in our estimation, was extremely generous when it warned Dr. Fisher that failure to comply in whole or in part would result in the imposition of appropriate sanctions. Dr. Fisher did not comply with the district court's order. Moreover, she failed to attempt to comply within the specified thirty day time frame. Instead, she communicated, ex parte, after the deadline. Her ex parte communications did not even offer a substantial explanation for her failure to comply with the October 26 order. Dr. Fisher claims she was unable to respond due to job relocation; however, she admits she relocated as of October 9, well before the imposition of the November 26, deadline.
 
 
 17
 We find no abuse of discretion, where, as here, the district court afforded the moving party ample opportunity to "gather her wits", and even the possibility of more time to do so, contingent solely on compliance with a very simple set of directives. Further, the fact that Dr. Fisher is not a lawyer does not lead us to form the "definite and firm conviction" that the district court abused its discretion. Taylor, 734 F.2d at 1155. Dr. Fisher is an extremely well-educated individual; that she be held accountable for her failure to comply with at least the minimum requirements of the district court's order is not an abuse of discretion. The minimum requirement would have been to timely file an affidavit, specifically outline efforts to obtain new counsel, request more time, and make some effort in so doing to comply with the procedural requirements of Rule 5. Dr. Fisher has not exemplified any diligence in this matter at any stage of the proceedings.
 
 III.
 
 18
 For the foregoing reasons we AFFIRM the judgment of the Honorable James H. Jarvis, United States District Judge for the Eastern District of Tennessee.