932 F.2d 969
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary Lavergis RODGER, Petitioner-Appellant,
v.
J.J. CLARK, Warden, J. Michael Quinlan, Director,
Respondents-Appellees.
 No. 91-5053.
 United States Court of Appeals, Sixth Circuit.
 May 10, 1991.
 
 1
 Before KENNEDY and BOYCE F. MARTIN, JR., Circuit Judges, and SPIEGEL, District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals from the district court's order denying his motion filed pursuant to Fed.R.Civ.P. 60(b). Additionally, he requests the appointment of counsel. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Rodger was convicted of one count of bank robbery in violation of 18 U.S.C. Sec. 2113(d); one count of using a firearm during the commission of a felony in violation of 18 U.S.C. Sec. 924(c); and one count of conspiracy to commit a bank robbery in violation of 18 U.S.C. Sec. 371. On May 29, 1986, the district judge in Arkansas sentenced petitioner to serve ten years for the bank robbery conviction (Count I), and five years for the conspiracy charge (Count III), these sentences to be served concurrently. He also sentenced petitioner to serve five years in prison for the section 924(c) violation, to be served consecutively to the other sentences. In other words, the total term of imprisonment was fifteen years. Petitioner currently is serving his sentences at the Federal Correctional Institution in Memphis, Tennessee.
 
 
 4
 After exhausting his remedies within the Bureau of Prisons, petitioner filed a petition in the United States District Court for the Western District of Tennessee. He sought either mandamus relief or habeas corpus relief under 28 U.S.C. Sec. 2241 because the United States Bureau of Prisons allegedly incorrectly calculated the statutory good time that he is entitled to.
 
 
 5
 The matter was referred to a magistrate who issued a report recommending "that the [district] court grant petitioner's writ and order the respondents to credit the petitioner with ten days per month for his five year sentence under 18 U.S.C. Sec. 924(c)." On April 19, 1990, respondents filed exceptions to the magistrate's report and recommendation. In an "Order On Exceptions To Magistrate's Report And Recommendation" entered April 30, 1990, the district court concluded that the magistrate's recommendation was contrary to law and entered judgment in favor of the respondents. Judgment dismissing petitioner's case was entered on May 3, 1990.
 
 
 6
 Thereafter, on November 19, 1990, petitioner filed his motion pursuant to Fed.R.Civ.P. 60(b) to correct the judgment entered May 3, 1990. The district court denied the motion after concluding that the new facts asserted by petitioner in his 60(b) motion did not pertain to the question already decided by that court in its earlier order and resulting judgment. This appeal followed.
 
 
 7
 Upon consideration, we find the appeal to be without merit. We review the denial of a Fed.R.Civ.P. 60(b) motion for an abuse of discretion; the underlying judgment is not reviewed. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978); Union Oil Co. v. Service Oil Co., 766 F.2d 224, 227 (6th Cir.1985). Abuse of discretion will be found only where clear error has been committed. Union Oil Co., 766 F.2d at 227.
 
 
 8
 As correctly noted by the district court, the original petition filed dealt solely with the question of what rate of good time should be used on petitioner's five year non-parolable sentence and ten year parolable sentence for the purposes of determining petitioner's mandatory release date as to the aggregate fifteen year sentence. In its disposition of that petition, the district court considered only the specific questions as they pertained to the good time rate. Contrary to petitioner's claim, computation of his parole eligibility date was not before the district court. Consequently, the district court was within its considerable discretion in denying petitioner's Rule 60(b) motion on the basis that the questions raised in the motion were inappropriate for consideration under Rule 60(b). Petitioner has not demonstrated exceptional circumstances warranting relief from judgment pursuant to Rule 60(b)(6).
 
 
 9
 For these reasons, the request for counsel is denied and the district court's order is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable S. Arthur Spiegel, U.S. District Judge for the Southern District of Ohio, sitting by designation