956 F.2d 269
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James HARRISON, Petitioner-Appellant,
v.
Al C. PARKE, Warden, Respondent-Appellee.
 No. 91-6288.
 United States Court of Appeals, Sixth Circuit.
 Feb. 26, 1992.
 
 1
 Before RYAN and SUHRHEINRICH, Circuit Judges, and CHURCHILL, Senior District Judge.*
 
 ORDER
 
 2
 James Harrison, a pro se Kentucky prisoner, appeals the district court's order denying his motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1983, Harrison was convicted by a jury of aiding and abetting a theft by unlawful taking. He was sentenced to two years imprisonment and his conviction was affirmed on direct appeal by the Kentucky Court of Appeals. Prior to serving his two year sentence, Harrison was convicted of murder and was sentenced to life imprisonment without possibility of parole for twenty-five years. This sentence was to run consecutive to the two year theft sentence which Harrison began serving on February 25, 1986. Thereafter, Harrison filed a motion for post-conviction relief attacking the 1983 theft conviction. The trial court denied the motion and the Kentucky Court of Appeals affirmed the judgment, finding that the motion was moot because Harrison had fully served his first sentence and was currently serving the life sentence on the murder conviction.
 
 
 4
 Harrison then filed a habeas petition attacking the 1983 theft conviction alleging that he received ineffective assistance of counsel. A magistrate recommended the petition be denied, finding that the court lacked jurisdiction to entertain his habeas petition because he was not "in custody" on the 1983 conviction because the sentence had been fully served at the time he filed his habeas petition. The district court adopted the magistrate's recommendation after reviewing Harrison's objections. This court affirmed the district court's judgment. See Harrison v. Parke, No. 91-5105, unpublished order (6th Cir. July 22, 1991). Harrison's petition for rehearing en banc was denied in an order filed September 6, 1991.
 
 
 5
 Harrison then filed his motion pursuant to Fed.R.Civ.P. 60(b)(6) in the district court alleging that he had been denied complete relief because the district court did not consider his argument under Ky.Rev.Stat. § 532.120(1). He asserted that because of this oversight, this court declined to address this argument on appeal. After reviewing the motion and the respondent's response, the district court denied the motion. Harrison filed a timely appeal from the denial of his 60(b) motion. He has requested the appointment of counsel in his appellate brief.
 
 
 6
 Upon review, we conclude the district court properly denied the motion. A ruling on a Fed.R.Civ.P. 60(b) motion for relief from judgment is appealable, but it does not bring the final judgment under review. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978); Union Oil Co. v. Service Oil Co., 766 F.2d 224, 227 (6th Cir.1985). The abuse of discretion standard of review is applied to an appeal from the denial of a Rule 60(b) motion. See Smith v. Secretary of Health and Human Services, 776 F.2d 1330, 1332 (6th Cir.1985).
 
 
 7
 Harrison's Rule 60(b) motion is merely an attempt to relitigate matters fully considered by the district court and the Sixth Circuit in the disposition of Harrison's habeas petition. Under such circumstances, the district court did not abuse its discretion in denying Harrison's Rule 60(b) motion as the issues presented therein have been consistently determined against him.
 
 
 8
 For the foregoing reasons, the request for counsel is denied and the district court's order affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation