959 F.2d 235
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert MARTIN, Petitioner-Appellant,
v.
ADULT PAROLE AUTHORITY, Respondent-Appellee.
 No. 91-4174.
 United States Court of Appeals, Sixth Circuit.
 April 6, 1992.
 
 Before MILBURN and SUHRHEINRICH, Circuit Judges, and TIMBERS, Senior Circuit Judge.*
 
 ORDER
 
 1
 Robert Martin, a pro se Ohio prisoner, appeals the district court's order denying his second motion filed pursuant to Fed.R.Civ.P. 60(b). Additionally, he requests the appointment of counsel. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1973, Martin was convicted by a Sandusky County, Ohio, jury of second degree murder and was sentenced to a fifteen year to life term of imprisonment. Martin was granted parole on December 22, 1982. On October 21, 1985, Martin was declared a parole violator after an on-site hearing was conducted in the Wayne County Jail. A formal parole revocation hearing was then held on March 5, 1986. The hearing resulted in Martin's parole being revoked to October 1990.
 
 
 3
 After Martin voluntarily dismissed his first federal habeas petition on October 7, 1986, he filed a second petition for a writ of habeas corpus in the District Court for the Southern District of Ohio. He alleged four grounds for relief: (1) the parole authority erred in not permitting Martin to compel witness attendance; (2) the parole authority erred in not appointing counsel for Martin; (3) the parole authority erred when it called a non-scheduled witness; and (4) the parole authority erred in not informing Martin that he was being tried for criminal charges. The district court issued an opinion and order denying the federal habeas petition. Martin then filed a motion for reconsideration which was denied on September 12, 1988. Martin filed a notice of appeal from the order dismissing the habeas petition on September 21, 1988. On December 5, 1988, while the first appeal was pending, Martin filed a motion for relief from judgment citing newly discovered evidence relating to his contention that his counsel at the parole hearing was ineffective in failing to object to the testimony of a witness who had interviewed one Lorie Murray, who had allegedly been raped by Martin. Martin contended that the testimony was inadmissible because the witness was a social worker but not a licensed psychologist. Construing the motion as a Fed.R.Civ.P. 60(b) motion, the district court denied the motion for lack of jurisdiction on January 6, 1989.
 
 
 4
 Martin thereafter appealed the order denying his Fed.R.Civ.P. 60(b) motion on January 12, 1989. On September 22, 1989, this court affirmed the judgment denying habeas corpus relief and the order denying the Fed.R.Civ.P. 60(b) motion.
 
 
 5
 On April 29, 1991, Martin filed a second motion for relief from judgment. In it, he asserted that a transcript of his final parole revocation hearing, which only became available to him in 1989, demonstrated that he was prejudiced by the absence of two witnesses. Respondent answered with the argument that any constitutional error was harmless. In a reply brief, Martin asserted additional arguments, including, for the first time, the assertion that he was not given an adequate statement of reasons for revocation of his parole. In an order entered November 22, 1991, the district court denied Martin's second Fed.R.Civ.P. 60(b) motion. This appeal followed.
 
 
 6
 On an appeal from the denial of a motion for relief from judgment under Rule 60(b), "the Court of Appeals may review the ruling for abuse of discretion ... [but] an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review." See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978). Reviewing courts will find an abuse of discretion in the denial of a Rule 60(b) motion only if there is a definite and firm conviction that the court committed a clear error of judgment. See Davis v. Jellico Community Hospital, Inc., 912 F.2d 129, 133 (6th Cir.1990); Union Oil Co. v. Service Oil Co., Inc., 766 F.2d 224, 227 (6th Cir.1985).
 
 
 7
 Both the Supreme Court and this court have repeatedly held that relief under Rule 60(b), and particularly under subsection (6) which is the subsection relied upon by Martin, is "extraordinary relief" to be granted only in exceptional circumstances. Ackerman v. United States, 340 U.S. 193, 202 (1950); Mallory v. Eyrich, 922 F.2d 1273, 1281 (6th Cir.1991); Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir.1989). Exceptional circumstances under Rule 60(b)(6) means "unusual and extreme situations where principles of equity mandate relief." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir.1990) (emphasis in original).
 
 
 8
 Having reviewed the district court's decision appealed from, as well as the entire record of this case, and by application of the foregoing authorities, this court finds no abuse of discretion in the district court's denial of Martin's second Rule 60(b) motion. In his Rule 60(b) motion, Martin basically reiterates his previous arguments. The Sixth Circuit has affirmed the district court's ruling on these issues. A decision of the court of appeals cannot be later challenged in a district court proceeding.
 
 
 9
 Regarding the claim about the sufficiency of the Parole Authority's written decision, we conclude that the district court was within its considerable discretion in expressing no conclusive opinion as to this issue raised for the first time in Martin's reply brief.
 
 
 10
 Accordingly, the request for counsel is denied and the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William H. Timbers, Senior Circuit Judge, U.S. Court of Appeals for the Second Circuit, sitting by designation