961 F.2d 1576
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald C. CROCKETT, Petitioner-Appellant,
v.
Michael DUTTON, Warden, Respondent-Appellee.
 No. 91-6509.
 United States Court of Appeals, Sixth Circuit.
 May 13, 1992.
 
 1
 Before KENNEDY and SUHRHEINRICH, Circuit Judges, and WEBER, District Judge.*
 
 ORDER
 
 2
 Donald C. Crockett, a pro se Tennessee prisoner, appeals the district court's order denying his motion filed pursuant to Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On March 12, 1987, Crockett entered pleas of guilty in two cases of bank robbery and of employing a weapon in the commission of a felony. He was sentenced to serve 25 years on each of the robberies and 5 years on the firearms enhancement. All the sentences were ordered to be served consecutively for a total of 55 years imprisonment. Crockett's conviction was affirmed on appeal. See State v. Crockett, No. 87-76-III, 1988 WL 13970 (Tenn.Crim.App. Feb. 24, 1988).
 
 
 4
 After exhausting state court remedies, Crockett filed a petition for a writ of habeas corpus in the District Court for the Middle District of Tennessee. As best as it is possible to glean from the less than fully coherent petition, Crockett apparently sought to attack the constitutionality of his conviction on grounds that he should not have been found competent to be tried on the charged offenses because he allegedly suffered from a mental illness at the time he committed the crimes, and that he received ineffective assistance of counsel. The district court summarily dismissed the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, after finding the claims raised to be patently frivolous.
 
 
 5
 Thereafter, on December 2, 1991, Crockett filed a "Motion to Amend Retroactive Relief to Writ of Habeas Corpus," which the district court construed as a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b). The district court denied the motion after concluding that the motion alleged similar facts as were asserted in the original habeas petition. This appeal followed.
 
 
 6
 Upon review, we conclude that the district court did not abuse its discretion in denying Crockett's motion filed pursuant to Fed.R.Civ.P. 60(b). In reviewing the denial of a Rule 60(b) motion, this court is limited to determining whether the district court abused its discretion. See Union Oil Co. v. Service Oil Co., 766 F.2d 224, 227 (6th Cir.1985). The underlying judgment is not reviewed. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978); Union Oil Co., 766 F.2d at 227. Abuse of discretion will be found only where clear error has been committed. Union Oil Co., 766 F.2d at 227.
 
 
 7
 As the district court recognized, Crockett's 60(b) motion alleged facts similar to those asserted in his original habeas corpus petition. Nothing new was asserted, nor was any mistake, inadvertence, surprise, or excusable neglect claimed. No other reason was offered that justified relief from the operation of the judgment. Crockett merely attempted to relitigate issues the district court concluded were patently frivolous. Consequently, the district court was within its considerable discretion in denying Crockett's Rule 60(b) motion on the basis that it lacked merit.
 
 
 8
 For these reasons, the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Herman J. Weber, U.S. District Judge for the Southern District of Ohio, sitting by designation