983 F.2d 1067
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Cedric MADISON-BEY, Plaintiff-Appellant,
v.
J. SWEEZER; D. Trudell; Martin Hopkins, Defendants-Appellees.
 No. 92-1379.
 United States Court of Appeals, Sixth Circuit.
 Dec. 22, 1992.
 
 Before KENNEDY and BATCHELDER, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Cedric Madison-Bey appeals the dismissal of his civil rights complaint under 42 U.S.C. § 1983 for failure to state a claim upon which relief can be granted. Madison-Bey filed his complaint in the district court alleging that he was forced to eat pork, to take cold showers at times in handcuffs, to sleep with constant noise, to eat food loaf without a formal hearing, and was given limited exercise. The three defendant prison officials moved the district court to dismiss the complaint or for summary judgment and the district court ordered plaintiff to respond. Madison-Bey did not respond and the district court granted the motion to dismiss.
 
 
 3
 Six months later, plaintiff filed a motion styled as one for summary judgment. The district court treated the motion as one for reconsideration of its earlier judgment and denied the motion. Plaintiff filed a timely notice of appeal and the district court granted plaintiff leave to proceed on appeal in forma pauperis. On appeal, plaintiff requests the appointment of counsel. Upon consideration, we will affirm the denial of plaintiff's motion.
 
 
 4
 First, as plaintiff's motion for summary judgment was construed as a motion for reconsideration of the district court's judgment, it is most properly construed as a Fed.R.App.P. 60(b) motion because it was not served within ten days of judgment. See Teal v. Eagle Fleet, Inc., 933 F.2d 341, 347 n. 3 (5th Cir.1991) (per curiam). Generally, the denial of a Fed.R.App.P. 60(b) motion is reviewed only for an abuse of discretion; the underlying judgment is not reviewed. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978); Union Oil Co. v. Service Oil Co., 766 F.2d 224, 227 (6th Cir.1985); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1020 (6th Cir.1983). Abuse of discretion will be found only where clear error has been committed. Union Oil Co., 766 F.2d at 227. A Fed.R.App.P. 60(b) motion cannot be used as a substitute for a timely appeal. Browder, 434 U.S. at 263 n. 7. Here, the district court did not abuse its discretion in denying plaintiff's motion because plaintiff merely reiterated claims already asserted.
 
 
 5
 Accordingly, plaintiff's request for the appointment of counsel is denied and the judgment of the district court is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.