42 F.3d 1390
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Allan WRIGHT, Plaintiff-Appellant,
v.
UNKNOWN, Defendant-Appellee.
 No. 94-5700.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1994.
 
 Before: MERRITT, Chief Judge, KEITH and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 William Allan Wright, a pro se Kentucky prisoner presently incarcerated at the Kentucky State Reformatory in LaGrange, Kentucky, appeals a district court order denying his motion to clarify the district court's memorandum opinion and order entered August 28, 1989. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Wright originally retained the services of Larry D. Coleman for legal representation in a bankruptcy proceeding and filed for Chapter 11 relief in the Western District of Missouri on August 11, 1986. Wright later requested and received a transfer of his case to the Western District of Kentucky because of his transfer to the Kentucky State Penitentiary on March 4, 1987. He was then moved to Virginia. On March 23, 1987, Wright again requested and received a transfer of the proceedings to Virginia. On June 26, 1987, the Virginia bankruptcy court transferred the Chapter 11 proceedings back to Kentucky.
 
 
 3
 On July 13, 1987, the Kentucky bankruptcy court reopened the proceedings. Larry Coleman requested appointment of a trustee and moved for compensation. Mr. Coleman was awarded $8,002.50 in fees and $466 in expenses. A trustee was appointed and shortly thereafter the trustee moved to dismiss the proceedings with prejudice because of the debtor's total lack of cooperation. The bankruptcy court granted this motion, the district court upheld the bankruptcy court's decision, and the Sixth Circuit affirmed the district court's decision. See Wright v. Unknown, No. 89-6369 (6th Cir. Oct. 19, 1990) (unpublished).
 
 
 4
 Coleman collected on the compensation award from Wright's assets. Thereafter, on April 13, 1994, Wright filed the motion that forms the basis of this appeal. The district court denied the motion in an order entered May 2, 1994.
 
 
 5
 Initially, we note that although the subject motion was denominated as a motion to clarify, in reality it resembled a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b) because Wright sought relief from the judgment awarding compensation to Mr. Coleman. Any post-judgment motion that asks for relief other than correction of a purely clerical error and which is filed more than 10 days after judgment is entered is treated as a motion under Fed.R.Civ.P. 60(b). Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 667 (5th Cir.), cert. denied, 479 U.S. 930 (1986).
 
 
 6
 In reviewing the denial of a Rule 60(b) motion, this court is limited to determining whether the district court abused its discretion. See McDowell v. Dynamics Corp. of America, 931 F.2d 380, 383 (6th Cir.1991); Miller v. Owsianowski (In re Salem Mortg. Co.), 791 F.2d 456, 459 (6th Cir.1986). The underlying judgment is not reviewed. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978); Union Oil Co. v. Service Oil Co., 766 F.2d 224, 227 (6th Cir.1985). Thus, the arguments raised in Wright's appellate brief as they relate to the underlying judgment will not be reviewed. An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. See Hoffman v. Merrell Dow Pharmaceuticals, Inc. (In re Bendectin Litigation), 857 F.2d 290, 307 (6th Cir.1988), cert. denied, 488 U.S. 1006 (1989); Schrand v. Federal Pac. Elec. Co., 851 F.2d 152, 156-57 (6th Cir.1988).
 
 
 7
 Upon review, we conclude that the district court did not abuse its discretion in denying Wright's Rule 60(b) motion. Based on a liberal construction of the motion, it appears that Wright's motion falls under the "catch-all" subsection (6) of Rule 60(b). The residual clause contained in Rule 60(b)(6) may afford relief only in exceptional circumstances which are not otherwise addressed by the first five numbered clauses of the rule. McDowell, 931 F.2d at 383-84; Olle v. Henry & Wright Corp., 910 F.2d 357, 365-66 (6th Cir.1990). Subsection (b)(6) will be properly invoked in "unusual and extreme situations where principles of equity mandate relief." Olle, 910 F.2d at 365 (original emphasis). No exceptional or extraordinary circumstances exist in the instant case. In the post-judgment motion, Wright continued to assert that the bankruptcy court improperly awarded compensation to Mr. Coleman. Wright merely attempted to relitigate an issue fully considered by the district court and the Sixth Circuit. A Rule 60(b) motion must be denied if it is merely an attempt to relitigate previously decided issues. See Mastini v. American Tel. & Tel. Co., 369 F.2d 378, 379 (2d Cir.1966), cert. denied, 387 U.S. 933 (1967). Because Wright did not offer any new grounds to justify relief but sought only to relitigate an issue already decided, the district court acted within its considerable discretion by denying relief.
 
 
 8
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.