928 F.2d 404
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fred Darnell CHANDLER, Plaintiff-Appellant,
v.
Gary KRESS, Nola Andrus, State of Michigan, Defendants-Appellees.
 No. 90-1822.
 United States Court of Appeals, Sixth Circuit.
 March 14, 1991.
 
 E.D.Mich., No. 90-70980; Cohn, J.
 E.D.Mich.
 AFFIRMED.
 Before KRUPANSKY and BOGGS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Fred Darnell Chandler, pro se, appeals from the district court's order denying his motion for relief from judgment filed under Fed.R.Civ. P. 60(b)(6), in this civil rights action filed under 42 U.S.C. Sec. 1983. The defendants include the accounting supervisor and an assistant attorney general for the State of Michigan, as well as the State of Michigan.
 
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the appellant's brief and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). The appellees have indicated that they will not be filing a brief.
 
 
 3
 In his complaint, Chandler alleged that the defendants deprived him of access to certain funds in his prison account before a hearing could be held to determine whether those assets were subject to seizure by the state under Mich.Comp.Laws Secs. 800.401-408 (1984). It is alleged that defendants Kress and Andrus, pursuant to the Michigan Correctional Facility Reimbursement Act, placed a restraint on Chandler's funds contained in his prison account, by appointing the warden of the State Prison of Southern Michigan as receiver of his assets pending the outcome of a suit filed against Chandler by the treasurer of the state.
 
 
 4
 Upon review, this court concludes that the district court's judgment should be affirmed, but for reasons other than that stated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990). A motion filed for relief under Rule 60(b)(6) must be based on unusual and extreme situations where principles of equity mandate relief by the court in order to accomplish justice. Klapprott v. United States, 335 U.S. 601, 614-15 (1949); Olle v. Henry & Wright Corp., 910 F.2d 357, 365-66 (6th Cir.1990). Moreover, this court may review the district court's ruling on a 60(b) motion only for an abuse of discretion, and such an appeal does not bring up the underlying judgment for review. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978); Union Oil Co. v. Service Oil Co., 766 F.2d 224, 227 (6th Cir.1985).
 
 
 5
 Contrary to the appellant's arguments, the district court did not abuse its discretion in dismissing the case as frivolous, as it expressly referred to 28 U.S.C. Sec. 1915(d) in its order, explaining that the complaint lacked an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1831 (1989); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir.1986). Chandler's due process rights were not violated by the defendants' act of maintaining a status quo of the prisoner's current assets prior to a full hearing on the question of whether those assets were finally subject to seizure by the state in order cover the cost of maintaining him as a prisoner. Parratt v. Taylor, 451 U.S. 527, 540-41 (1981); Yashon v. Hunt, 825 F.2d 1016, 1022 (6th Cir.1987), cert. denied, 486 U.S. 1032 (1988).
 
 
 6
 Second, Chandler was not denied access to the courts, as the record reveals that he was given a reasonably adequate opportunity to present his claimed violations of state law and federal rights, both in state and federal court. Bounds v. Smith, 430 U.S. 817, 825 (1977). Finally, Chandler's argument that he was treated differently than other inmates in a similar situation regarding maintenance of the prisoners' accounts does not support an equal protection claim. Joyce v. Mavromatis, 783 F.2d 56, 57 (6th Cir.1986).
 
 
 7
 Accordingly, the district court's order filed July 23, 1990, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.